**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

HEATHER BROWN,

        Plaintiff,

vs.

ERIC BOARDMAN and STEPHANIE
BOARDMAN,

        Defendants.

Case No. 1:23-cv-2446

Hon.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Introduction**

1. This is a housing harassment case. Eric and Stephanie Boardman rented a home to Heather Brown and her then-partner. After the partner left the home, Eric Boardman began to sexually harass Brown. Brown now sues to recover for her injuries.

**Jurisdiction & Venue**

2. This court has subject-matter jurisdiction over this case under 28 U.S.C. § 1331 because of Brown's federal Fair Housing Act claim.

3. This court has subject-matter jurisdiction over Brown's remaining claims under 28 U.S.C. § 1367 because they arise from the same facts as her federal claim.

4. Venue is proper in this judicial district because the relevant events occurred in Richland County and the individual parties reside in Richland County.

**Parties**

5. Plaintiff Heather Nicole Brown is a person living in Ohio.

1

6.     Defendant Eric Boardman is a person living in Ohio.

7.     Defendant Stephanie Boardman is a person living in Ohio.

**Allegations**

*The Boardman's Rental Business*

8.     Eric and Stephanie Boardman are a married couple.

9.     Eric and Stephanie Boardman own several residential rental properties.

10.     Eric and Stephanie Boardman are in the rental property business to make a profit.

11.     On information and belief, Eric and Stephanie Boardman share responsibility for managing and operating their rental property business.

12.     On information and belief, Eric and Stephanie Boardman share the profits and the losses of their rental property business.

13.     Under state law, Eric and Stephanie Boardman have, in the conduct of their rental business, formed a common law general partnership.

14.     One of the rental properties Eric and Stephanie Boardman operate within the partnership is 1415 Grimes in Mansfield.

*Eric Boardman Harasses Heather Brown*

15.      Heather Brown began renting 1415 Grimes from the Boardmans with a romantic partner.

16.     After Brown's romantic partner left 1415 Grimes, Eric Boardman began sexually harassing Brown.

17.     The sexual harassment lasted around 4 or 5 months.

18.     The sexual harassment included unwanted, verbal comments.

19. For example, Eric Boardman told Brown that "If I'm fucking you, you wouldn't be paying rent."

20. The sexual harassment included unwanted, explicit text messages Eric Boardman sent to Brown.

21. For example, Eric Boardman texted Brown a photograph of his penis.

22. For example, Eric Boardmen texted Brown saying, "Honestly, I was picturing myself taking off your top, pulling off your jeans, putting you up on the countertop and slipping my throbbing c*** inside."

23. He also texted her "I never got my pic!! F*** girl."

24. He also texted her "I want to take you to bed."

25. He also texted her "I've thought about watching you on your knees looking up at me as you take my throbbing c*** in your mouth."

26. The sexual harassment included unwanted physical contact.

27. Eric Boardman twice slapped Brown's butt.

28. Eric Boardman once pulled Brown into an unwanted kiss.

29. Eric Boardman once grabbed Brown by the waist, pulled her into him, and said "Do you feel my throbbing cock?"

30. None of this conduct was welcome by Brown, but she worried about upsetting Eric Boardman because, as her landlord, he had the power to interfere with her housing or take it away.

31. Brown reacted to Eric Boardman's harassment by changing the subject, feigning interest, or ignoring it.

32. The ordeal caused Brown physical, mental, and emotional pain and suffering and related bodily injury, much of which continues and is reasonably likely to continue into the future.

**Claims for Relief**

<u>Count 1</u> – Fair Housing Act

Against All Defendants

33.      Brown incorporates all other allegations here.

34.      Defendants injured Brown by committing discriminatory housing practices in violation of the federal Fair Housing Act, including:

    a.  Quid pro quo harassment based on sex under 24 C.F.R. § 100.600(a)(1);

    b.  Hostile environment harassment based on sex under 24 C.F.R. § 100.600(a)(2); and,

    c.  Discriminatory statements indicating a preference, limitation, or discrimination or the intention to make a preference, limitation, or discrimination based on sex under 42 U.S.C. § 3604(c).

35.      Brown is therefore entitled to compensatory damages, punitive damages, declaratory relief, attorneys' fees and costs.

36.      Each Defendant is directly liable, vicariously liable, or liable based on state partnership law for these discriminatory housing practices.

<u>Count 2</u> – Negligence

Against Stephanie Boardman

37.      Brown incorporates all other allegations here.

38.      Each Defendant other than Eric Boardman owed Brown a duty to hire, train, supervise, and discipline Eric Boardman so as to prevent him from sexually harassing Brown.

39.      Each Defendant other than Eric Boardman breached those duties, causing Eric Boardman's harassment of Brown.

40. These breaches injured Brown.

41. Brown is therefore entitled to compensatory and punitive damages.

<u>Count 3</u> – Assault

Against Eric Boardman

42. Brown incorporates all other allegations here.

43. Eric Boardman put Brown in imminent fear of an offensive, unreasonable, unconsented, and unpermitted touching.

44. That conduct injured Brown.

45. Brown is therefore entitled to compensatory and punitive damages.

<u>Count 4</u> – Battery

Against Eric Boardman

46. Brown incorporates all other allegations here.

47. Eric Boardman battered Brown by making offensive and harmful contact with her, he intended to do so, and she did not consent nor was the contact permitted.

48. That conduct injured Brown.

49. Brown is therefore entitled to compensatory and punitive damages, as well as damages under Ohio Rev. Code § 2907.01.

**Prayer for Relief**

50. Brown prays for a judgment with the following relief:

   a. Compensatory damages,

   b. Punitive damages,

   c. Attorneys' fees and costs,

   d. Pre- and post- judgment interest,

    e.   Declaratory relief, and

    f.   All other relief that the court finds just.

Dated: December 26, 2023

<div style="margin-left:40%">

Respectfully submitted,

/s/ Rosalind E. Dillon
_____

Rosalind E. Dillon
Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
roz@civilrightsgroup.com
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff

</div>

**Demand for Jury Trial**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues.

Dated: December 26, 2023

Respectfully submitted,

/s/ Rosalind E. Dillon

Rosalind E. Dillon
Thomas R. Kayes
THE CIVIL RIGHTS GROUP, LLC
2045 W Grand Ave, Ste B, PMB 62448
Chicago, IL 60612
t. 708.722.2241
roz@civilrightsgroup.com
tom@civilrightsgroup.com
www.civilrightsgroup.com

Attorneys for Plaintiff